**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELBA MARIA CEBALLO, | : | CIVIL ACTION NO. 11-4634 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MAC TOOLS, INC., a Division of STANLEY, BLACK & DECKER, INC., et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

The plaintiff, Elba Maria Ceballo ("Ceballo"), brought this action in New Jersey state court against defendants, Mac Tools, Inc., a Division of Stanley, Black & Decker, Inc. ("Mac Tools"), and John Addalia ("Addalia"), asserting claims for fraudulent inducement of contract and violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. ("NJCFA").  (Dkt. entry no. 1, Rmv. Not., Ex. 1, Compl.)  Mac Tools removed the action to this Court pursuant to 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 2, Amd. Rmv. Not. at ¶ 11.)  Ceballo moves to remand this action for lack of complete diversity of citizenship under Section 1332.  (Dkt. entry no. 6, Mot. to Remand.)  Mac Tools opposes the motion to remand, and cross-moves to dismiss the Complaint with prejudice, or in the alternative, to stay the action and require Ceballo to submit her claims to arbitration.  (Dkt. entry no. 8, Cr. Mot. to Dismiss.)

The Court determines the motion and cross motion on the briefs without an oral hearing, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Court will grant the motion to remand and deny the cross motion without prejudice.

## BACKGROUND

**I. Legal Background**

**A. Section 1441(b)**

A state court action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). This is known as "the forum-defendant rule." For instance, if an action brought against more than one defendant in New Jersey state court is removed under Section 1332, and if one of those defendants is deemed to be a New Jersey citizen, then that action

- even if jurisdiction under Section 1332 exists - is nonetheless subject to remand.

### B.   Fraudulent Joinder

A plaintiff bringing an action in state court against more than one defendant may not commit "fraudulent joinder" by naming a defendant who is not of diverse citizenship solely to defeat removal under Section 1332.  Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).

## II.  Factual Allegations

### A.   Citizenship of the Parties

Ceballo is a citizen of New Jersey.  (Dkt. entry no. 1, Civ. Cover Sheet at 1.)  Mac Tools is an Ohio corporation with its principal place of business in Ohio.  (Amd. Rmv. Not. at ¶ 4.)  Mac Tools is, therefore, a citizen of Ohio.[1]

Addalia is a citizen of New Jersey.  (Id. at ¶¶ 6-7; dkt. entry no. 6, Pl. Br. at 1.)  In removing the action, Mac Tools took the position that Addalia is a "nominal defendant only,"

---

[1]  Corporations are deemed to be citizens of the states in which they are incorporated and have their principal place of business.  28 U.S.C. § 1332(c)(1).

3

fraudulently joined in order to destroy jurisdiction under Section 1332, and so did not contact Addalia for his consent to removal.  (Amd. Rmv. Not. at ¶¶ 8, 10.)

    **B.**    **Alleged Injuries**

Ceballo alleges that her husband is a former Mac Tools dealer.  (Compl. at ¶ 1.)  Addalia is a former district manager for Mac Tools.  (Id. at ¶ 6.)  Ceballo claims that she incurred losses as the result of Mac Tools' "fraudulent sale to Plaintiff and her husband of an undisclosed franchised business, in violation of [Federal Trade Commission ("FTC")] Rule 436 and for fraudulent misrepresentations by both commission and omission."  (Id. at ¶ 8.)  Ceballo alleges that she and her husband were fraudulently induced to commit family monies, as well as her own independent funds, to purchase the Mac Tools distributorship.  (Id. at ¶¶ 10-12.)  She alleges a fraudulent scheme on the part of Mac Tools consisting of (1) the sale of a franchise without proper disclosure, in violation of FTC franchise sales regulations; (2) the "churning" of a previously failed route; and (3) the use of fraudulent income representations.  (Id. at ¶ 14.)

Ceballo asserts that Addalia, inter alia, (1) solicited her husband and represented that he could make over $100,000 in income as a Mac Tools distributor; (2) spoke to Ceballo and her husband on a telephone conference call, during which he repeated the income representation; and (3) told Ceballo that the route or

4

"List of Stops" her husband would receive would consist of more than 325 customers, when there were allegedly 130 or less. (Id. at ¶¶ 35-39.) Ceballo states that she relied on Addalia's representations in deciding to commit her own money and joint marital funds in the distributorship, which she alleges lost her at least $84,000 during the eleven months her husband operated it. (Id. at ¶¶ 40-43.)

Ceballo asserts a cause of action for fraudulent inducement, stating that "Mac Tools through its management, specifically Defendant John Addalia, repeatedly made false, fraudulent, reckless, negligent and misleading representations to Plaintiff by telephone on various dates" both before and after her husband entered into a Mac Tools distributor agreement. (Id. at ¶ 60.) She also asserts a cause of action under the NJCFA for acts occurring "under the direction of Mac Tools and its District Manager, Defendant John Addalia," in effecting the sale of an undisclosed franchise business opportunity. (Id. at ¶¶ 66-68.)

**C. Motion Practice**

Ceballo argues that remand is appropriate because there is no basis for federal jurisdiction. She explains that "two separate causes of action exist," the first being the fraudulent inducement claim against Addalia, the second being the NJCFA claim against Mac Tools. (Pl. Br. at 5.) She further argues that complete diversity of citizenship is lacking, as she and

5

Addalia are citizens of New Jersey and she has asserted a colorable claim against him. (Id.) Ceballo asserts that Mac Tools has failed to sustain its "heavy burden" of showing that Addalia was fraudulently joined. (Id.)

Mac Tools argues that removal was proper and that the Court has jurisdiction under Section 1332 pursuant to the doctrine of fraudulent joinder. (Dkt. entry no. 10, Def. Br.) It argues that this Court has subject matter jurisdiction because (1) "the fraudulent inducement claim asserted against Addalia (in his capacity as an individual, not a Mac Tools employee) is wholly insubstantial, making him a nominal party"; and (2) "plaintiff has demonstrated that she has no real intention to prosecute this action against Addalia." (Id. at 1.)

## DISCUSSION

A party raising a fraudulent joinder argument has a "heavy burden of persuasion" to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant. Boyer, 913 F.2d at 111. When addressing the issue of fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is "even a possibility"

that a state court would find that a complaint states a claim. Id. For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment. See Briscoe, 448 F.3d at 217-18 (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue). An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder." Batoff, 977 F.2d at 852. As a fraudulent joinder analysis is not as "penetrating," the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment. Id. at 852-53.

We find that Ceballo has not fraudulently joined Addalia here, as the claims against him are not wholly insubstantial and frivolous. First, we reject out of hand Mac Tools' argument that

7

Addalia is fraudulently joined because Ceballo has demonstrated no real intention of prosecuting the action against him.  Ceballo notes that, contrary to Mac Tools' assertion, Addalia has been served with the Complaint.  (Dkt. entry no. 12, Pl. Reply Br. at 1, 3-4 & Marks Cert., Ex. A, Addalia Acknowledgment of Service dated 7-12-11.)

    We find that Ceballo has asserted a colorable fraudulent inducement claim against Addalia.  In order to plead fraud and misrepresentation in New Jersey, a plaintiff must allege:  "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages."  <u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. 582, 610 (1997).  The Complaint alleges particular facts regarding representations Addalia made to Plaintiff and her husband about the distributorship Ceballo's husband ultimately bought, to Ceballo's financial detriment.  (Compl. at ¶¶ 33-41.)  Mac Tools' characterization of these representations as non-actionable "puffery" concerning future events is insufficient to deny the motion to remand on the basis of fraudulent joinder at the current procedural posture.  (Def. Br. at 4.)  <u>See</u> <u>Boyer</u>, 913 F.2d at 113 ("[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike,

the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.").

The Court further observes that, notwithstanding Ceballo's argument that she asserts her NJCFA claim against Mac Tools only, the Complaint as pleaded may be read to assert a colorable claim under the NJCFA against both Mac Tools and Addalia as an individual.  (See Compl. at ¶¶ 26, 32, 66.)  New Jersey law does not bar actions against individual principals or employees of corporations who participated in the conduct giving rise to NJCFA liability.  Allen v. V & A Bros., Inc., No. L-1290-04, 2010 WL 2508842, at *3 (N.J. App. Div. June 23, 2010) (explaining that courts "have not found it necessary to pierce the corporate veil" in order to reach individual employees because "they have interpreted the CFA, by its use of the term 'person' in the liability provisions . . . as providing sufficient statutory authority for the imposition of individual liability"); Cardillo v. Bolger, No. L-1272-06, 2009 WL 62866, at *3 (N.J. App. Div. Jan. 12, 2009) (holding that the NJCFA should be given a liberal construction and that it "appl[ies] equally to corporations and the individuals acting on their behalf"); Hyland v. Aquarian Age 2,000, Inc., 372 A.2d 370, 373 (N.J. Super. Ct. 1977) ("There is no suggestion that the statute was not intended to include natural persons who violate the [NJCFA].").  There is, therefore,

9

"a possibility" that a state court would find that Ceballo has stated an NJCFA claim against Addalia.  <u>Boyer</u>, 913 F.2d at 111.

The Court concludes that Mac Tools has not met the heavy burden of persuasion required to show fraudulent joinder.  This Court lacks jurisdiction here.  It may be that the claims asserted against Addalia would not survive a motion to dismiss on the merits.  Such concern, however, is not relevant here.

## CONCLUSION

The Court will grant the motion to remand, deny without prejudice the cross motion to dismiss, and remand the action. The Court will issue an appropriate order.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:    October 5, 2011